UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-5342-CAS (KK)** | Date: | July 12, 2021 |
| Title: | *Elias Ivan Munoz v. Patrick Covello, Warden* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to State a Cognizable Claim

# I.
# INTRODUCTION

Petitioner Elias Ivan Munoz ("Munoz"), an inmate at Mule Creek State Prison in Ione, California, filed a <u>pro se</u> Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. ECF Docket No. ("Dkt.") 1. Munoz is serving a sentence of fifty years to life. <u>Id.</u> at 1. The Petition appears to challenge the Los Angeles County Superior Court's denial of Munoz's 2019 petition for recall of sentence pursuant to section 1170.95 of the California Penal Code. <u>Id.</u> at 4-7, 18-28. The Petition, however, appears subject to dismissal for failure to state a cognizable habeas claim. The Court will not make a final determination regarding whether the Petition should be dismissed without giving Munoz an opportunity to address this issue.[1]

///
///
///
///
///
///
///

---

[1] It appears the Petition may also be wholly unexhausted and untimely. The Court declines to address these issues because the Petition appears subject to dismissal for failure to state a cognizable claim.

# II.
# RELEVANT BACKGROUND

On September 11, 2007, Munoz was convicted in Los Angeles County Superior Court.[2] Id. at 1. On December 7, 2007, Munoz was sentenced to fifty years to life. Id.

On July 24, 2015, Munoz filed a state petition for writ of habeas corpus in Los Angeles County Superior Court, appearing to set forth two claims: (1) "ineffective assistance of counsel at appellate level" and (2) "improper jury instruction by trial court judge." Id. at 3. On December 30, 2015, the superior court granted Munoz's state petition for writ of habeas corpus.[3] Id.

On January 1, 2019, Munoz filed a petition for recall of sentence in Los Angeles County Superior Court, claiming a "change in law by SB 1437 enacting Penal Code § 1170.95/aiding and abetting."[4] Id. at 4. On May 26, 2021, the superior court denied Munoz's petition for recall of sentence. Id. at 5.

On June 23, 2021, Munoz constructively filed[5] the instant Petition. Id. at 15.

///
///
///
///
///

---

[2] Munoz does not specify which crimes he was convicted of in Los Angeles County Superior Court on September 11, 2017. See dkt. 1. In light of Munoz's claims involving section 1170.95 of the California Penal Code, however, it appears Munoz was likely convicted of first-or second-degree murder. See Cal. Pen. Code § 1170.95 (titled "Convicted of first or second degree murder; petition to vacate murder conviction and to be resentenced on remaining counts because of changes in law made effective January 1, 2019").

[3] It is unclear on what grounds the Los Angeles County Superior Court granted Munoz's June 24, 2015 state petition for writ of habeas corpus and what form of relief was granted.

[4] "Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" People v. Martinez, 31 Cal. App. 5th 719, 723, as modified on denial of reh'g (Feb. 13, 2019), review denied (May 1, 2019) (citation omitted). As of January 1, 2019, any person convicted of felony murder or murder under a natural and probable consequences doctrine prior to the change in law can petition the court that sentenced him to vacate the murder conviction and be resentenced on the remaining counts. See Cal. Pen. Code § 1170.95.

[5] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

# III.
# THE PETITION FAILS TO STATE A COGNIZABLE CLAIM

**A.     APPLICABLE LAW**

A district court may entertain a petition for writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" an action pursuant to 42 U.S.C. § 1983 ("Section 1983"). Muhammad v. Close, 540 U.S. 749, 750 (2004) (citation omitted). Thus, "when a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under [Section] 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (internal citation and quotation marks omitted); see also Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (holding a Section 1983 action "is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus").

Matters relating to state sentencing are governed by state law and generally are not cognizable on federal habeas review. See, e.g., Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989) (holding the sentencing error claim under section 654 of the California Penal Code is not cognizable on federal habeas review); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding the claim that offense did not qualify as a "serious felony" for purposes of California's sentence enhancement provisions is not cognizable on federal habeas review); Sturm v. Cal. Adult Auth., 395 F.2d 446, 448 (9th Cir. 1967) (observing that "a state court's interpretation of its [sentencing] statute does not raise a federal question"). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992).

**B.     ANALYSIS**

Here, both of Munoz's claims appear to challenge the Los Angeles County Superior Court's application of section 1170.95 of the California Penal Code in denying Munoz's petition for recall of sentence. See dkt. 1 at 4-5. In Munoz's first claim, Munoz argues the jury in his criminal trial was improperly instructed on the "subject of aiding and abetting" because "Senate Bill 1437 circumscribes murder liability <u>only upon the individual defendant's mens rea</u>." Id. at 18-19 (emphasis in original). In Munoz's second claim, Munoz argues "Senate Bill 14[3]7 does not constitute a 'collateral sentencing modification proceeding' resulting from a 'legislative act of lenity[.]'" Id. at 24.

Both claims concern Senate Bill 1437, which amended sections 188 and 189 of the California Penal Code and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." Martinez, 31 Cal. App. 5th at 722. Therefore, Munoz's claims concern state sentencing, which is not generally cognizable on federal habeas review. See Cole v. Sullivan, No. 2:19-CV-10558-JVS-JC, 2020 WL 4905528 (C.D. Cal. Aug. 19, 2020) ("To the extent petitioner may be challenging the state courts' denial of his petition for resentencing under California Penal Code section 1170.95, his claims pertain solely to the state court's interpretation and application of state sentencing law and

therefore are not cognizable."). Moreover, Munoz presented these claims to the superior court that appears to have determined that Munoz did not qualify for a recall and reduction of his sentence under section 1170.95 of the California Penal Code. Dkt. 1 at 4-5. This Court is bound by the state court's interpretation and application of state law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." (citing Estelle, 502 U.S. at 67-68; Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)). In addition, Munoz has failed to cite to anything in the record or elsewhere to demonstrate the superior court's denial of Munoz's 2019 petition for recall of sentence was "so arbitrary or capricious as to constitute an independent due process" violation. See Richmond, 506 U.S. at 50.

The Petition, thus, fails to state a cognizable claim and appears subject to dismissal.

## IV.
## ORDER

For the above reasons, the Petition appears subject to dismissal. Munoz is therefore ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition for failure to state a cognizable claim. Munoz must respond to this Order by filing a written response **no later than August 2, 2021**. Munoz must respond to this Order by choosing one of the following options:

1. Option One: Munoz may file a written response explaining why Munoz's claims are cognizable on habeas review. If Munoz contends his claims are cognizable on habeas review, Munoz must explain and attach any supporting documents.

2. Option Two: Munoz may file a First Amended Petition curing the above referenced deficiencies. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Munoz must start over when preparing the First Amended Petition. If Munoz chooses to file a First Amended Petition, he must clearly designate on the face of the document that it is the "First Amended Petition," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.

3. Option Three: Munoz may voluntarily dismiss this action without prejudice. Munoz may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of Court has attached a Notice of Dismissal form. However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

**The Court expressly warns Munoz that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for failure to state a cognizable habeas claim and/or failure to comply with court orders and failure to prosecute. See FED. R. CIV. P. 41(b).**

///
///
///
///

<u>The Clerk of Court is directed to serve a copy of this Order on Munoz at his current address of record and provide Munoz with a blank form Petition for his use in filing a First Amended Petition.</u>

**IT IS SO ORDERED.**